IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **LASHAUN Y. CARTER, individually and on behalf of all others similarly situated who consent to their inclusion in a collective action,**<br><br>Plaintiffs,<br><br>v.<br><br>**DOLL HOUSE II, INC. d/b/a Stilettos Gentlemen's Club, a corporation; and THEO LAMBROS, an individual,**<br><br>Defendants. | Civil Action No.<br><br><br><br><br><br>Jury Trial Demanded |

# COMPLAINT

NOW COME Plaintiff Lashaun Y. Carter, individually, and on behalf of all others similarly situated who consent to their inclusion in a collective action, by and through her attorneys, against Doll House II, Inc. d/b/a Stilettos Gentlemen's Club and Theo Lambros (collectively the "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1.

Minimum wage and overtime laws mark the boundary between a humane society and its Industrial Era precursor of child labor, company scrip and eighteen hour work days. In recognition of this distinction, the United States Congress has

enacted and enforced wage and hour laws. This collective action arises from an ongoing wrongful scheme by Defendants to turn back the clock by denying their employees any wage at all. Defendants' scheme is so far removed from the modern era that it involves requiring its employees to work without any wage at all. Indeed, it involves the Defendants requiring their employees to pay for the privilege of working, a practice unheard of in modern times.

2.

Plaintiff Lashaun Carter, on behalf of herself and all other employees similarly situated, hereby alleges that Defendants have maintained a pattern and practice of not paying employees wages, not paying for overtime wages, failing to provide proper time for required lunch and rest breaks and otherwise failing to provide statutorily mandated wages and compensation. These violations were, and are, so egregious that Defendants go so far as to require each and every similarly situated employee to pay out of pocket costs prior to receiving any compensation. These employees include, but are not limited to each and every employee categorized as a "dancer" or "entertainer" at Defendants' adult nightclub, Stilettos Gentlemen's Club (hereinafter "Stilettos").

3.

This is brought as a collective action under the Fair Labor Standards Act ("FLSA") 29. U.S.C. §§ 201, 207, and 216(b) to recover unpaid wages, unpaid

overtime wages and other wages for which Plaintiffs were not paid in violation of the laws of the United States.

## JURISDICTION AND VENUE

4.

This Court has subject matter jurisdiction under 28 U.S.C. §1331, as this civil action is brought pursuant to 42 U.S.C. §201, et seq., commonly known as the FLSA. Plaintiffs do not assert any cause of action that is subject to any collective bargaining agreement.

5.

This court has personal jurisdiction over the parties to this action as a result of the location of Defendants' wrongful acts. Additionally, Defendant Doll House II, Inc. is a business incorporated and existing under the laws of the State of Georgia and the jurisdiction of this Court.

6.

Upon information and belief, venue is proper in the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S. C. §1391(b) because, *inter alia*, all Defendants reside within the State of Georgia and/or a substantial part of the events or omissions giving rise to the claim occurred in this district.

## THE PARTIES

7.

Plaintiff Lashaun Carter is an individual residing in Morrow, Clayton County, Georgia. Carter is a current employee of Defendants. Carter has worked as a dancer for Defendants from approximately September 5, 2012 until the present. Defendants have never paid her any wage of any kind. In fact, Carter, and all other individuals similarly situated, has been required to pay Defendants to work. Plaintiff Carter has given her consent to join this lawsuit in writing.

8.

Defendant Doll House II, Inc. is a Georgia corporation; Defendant Theo Lambros is its CEO, CFO, and Secretary. Defendants have acted together in a conspiracy to carry out their illegal enterprise since at 2012. Defendant Doll House II, Inc. has its corporate headquarters at 5275 Roswell Road NE, Atlanta, Georgia 30342-1943 and can be served through its registered agent, Alan I. Begner, 5180 Roswell Road, Suite 100, Atlanta, GA 30342. Defendant Lambros can be served at 5275 Roswell Road, Atlanta, GA 30342, or wherever he can be found.

## FACTUAL ALLEGATIONS

9.

Defendants operate a night club called Stilettos Gentlemen's Club at 806 Marietta Street, NW, Atlanta, GA 30318 and it is their business to provide nude

and semi-nude female dancers, alcohol, and other entertainment to customers of the club. The presence of dancers in Defendants' business is absolutely central to its success, and all Defendants' advertising materials prominently (and usually, solely) feature the dancers. Defendants have at relevant all times done business in the State of Georgia.

10.

The minimum wage, overtime wage and tip credit policies have applied and been controlling on Defendants at all times. Defendants are an enterprise engaging in commerce by regularly serving alcohol and tobacco products that have been shipped in interstate commerce, by regularly processing out of state credit cards, by regularly using the wires and mail in furtherance of its business, advertising online and having dancers appear in promotional events out of state, and by regularly serving large numbers of out-of-state customers, many of whom arrive by the interstate highway that is one mile from Defendants' business. Defendants have sales or do business transaction in excess of $500,000 a year. Furthermore, Plaintiffs' "entertainer" or "dancer" jobs are not positions involving work that would fall under the exemptions provided to 29 U.S.C. § 213(a)(1) of the FLSA.

11.

Defendants have at all times relevant falsely classified the "dancers" or "entertainers" (hereinafter "Dancers") employed in the club as independent

contractors. This false classification has been occurring at least since an unknown date in 2012 (the "Collective Period"). During the Collective Period, Defendants have employed no fewer than 100 dancers.

12.

Despite the fact that the Defendants have classified the Dancers as independent contractors, Defendants have exercised at least the following controls over all the Dancers:

(1) Defendants have authority to approve or reject the names that the Dancers can work under while employed at Stilettos;

(2) Defendants control when Dancers must appear and perform on stage on rotations;

(3) Defendants require Dancers to be escorted off the premises by club security personnel;

(4) Defendants may and do require Dancers to solicit dances from unattended customers;

(5) Defendants require Dancers to arrive at least 30 minutes prior to the start of a scheduled shift;

(6) Defendants almost entirely control the music that Dancers perform to; while dancers may request and pay for specific songs from the club

DJ's, there is no guarantee that those songs will be played when the dancers appear on stage;

(7) Defendants require that any dancer who wishes to appear in promotional materials use Defendants' photographers and/or videographers and pay Defendants for those services;

(8) Defendants have the authority to require Dancers to attend staff meetings, without payment, and enforce this requirement with termination or fines for failure to attend;

(9) Defendants prohibit the Dancers from working in other adult entertainment establishments;

(10) Defendants have terminated the employment of Dancers who complained about excessive fees demanded by Defendants, even when the Dancers had made extremely little money in tips;

(11) Defendants strongly discourage Dancers from leaving town for any length of time, with implied threats of termination;

(12) Defendants have sole control over whether Dancers can entertain clients in the club's V.I.P. rooms—for which customers must pay a fee determined by Defendants' security and/or management personnel—and the rates that the Dancers must charge V.I.P. clients for dances;

(13) Defendants require Dancers to pay for and pass a "breathalyzer test" before they are allowed to leave the premises after a shift.

13.

In addition to the above listed controls, Defendants require the following "kickback fees" and fines to be paid by Plaintiffs, and all similarly situated employee–dancers:

(1) All Dancers are required to pay a per-shift "bar fee" to Defendants, which has varies from $10.00 upwards per shift, depending on the time the Dancer arrives;

(2) Dancers are required to pay Defendants' club DJ the greater of $10.00 or 10% of tips per shift worked;

(3) Dancers are required to pay Defendants' "house mom" between $5.00 and $10.00 per shift, depending on whether it is the day shift or night shift;

(4) Dancers may be fined or terminated if they fail to stay until the end of a scheduled shift; and

(5) Dancers must pay additional fees if they return downstairs to the dressing and office area within 30 minutes of starting a shift.

14.

In addition to the illegal kickback described above, Defendants have recklessly and maliciously failed to pay Plaintiffs and other similarly situated employees any wages at all, including minimum wage or overtime wages as required by 29 U.S.C. § 201 et seq.

## COUNT I
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF 29 U.S.C. §206

15.

Plaintiff hereby incorporates Paragraphs 1–14 of this Complaint as if fully restated herein.

16.

At all times relevant herein, Plaintiff and all similarly situated employees performed work for which the minimum wage should have been paid by Defendants, but have been paid no wages of any kind by Defendants in violation of the FLSA provisions requiring the payment of minimum wage.

17.

At all relevant times, Defendants were and are legally responsible for all of the wrongful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiff and all similarly situated employees.

18.

At all relevant time, the unlawful conduct against Plaintiff and all similarly situated employees, as described in each and all of the foregoing paragraphs, was actuated, in whole, in such a way as to bring benefit to Defendants at the expense of their employees. The unlawful conduct described in each and all of the foregoing paragraphs was at all relevant times reasonably foreseeable by Defendants and committed under the actual or apparent authority of Doll House II, Inc. and Theo Lambros, as well as their managerial employees.

19.

These actions were compounded by Defendants' failure to provide notice to their employee Dancers that they intended to utilize the tip-credit provisions of the FLSA and Defendants' requirement that said Dancers surrender large portions of their tips to Defendants for the personal enrichment of Defendants.

20.

Upon information and belief, within three years of the time of this filing, the practices and policies that are complained of herein have been enforced against more than 100 Dancers employed by Defendants. Each and every one of these employees has been denied proper minimum wage compensation in violation of 29 U.S.C. § 206. There has been no good faith attempt on the part of Defendants to comply with the provisions of the FLSA. Therefore, these violations constitute a

willful violation of the minimum wage provisions in violation of the FLSA as provided for in 29 U.S.C. § 255.

21.

Plaintiff has consented in writing to be part of this action pursuant to 29 U.S.C. § 216(b). Upon issuance of proper notice by this Court, there is a substantial likelihood that other similarly situated employees will join this action as plaintiffs.

22.

Defendants' wrongful and illegal conduct has deprived Plaintiff, and all similarly situated employee–dancers, of the minimum wage to which they are statutorily entitled in an amount to be determined. Additionally, Plaintiff, and all similarly situated employees, is entitled to her attorney's fees, expenses, and costs incurred in bringing this action as provided by 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE OVERTIME WAGE PROVISIONS OF 29 U.S.C. §207

23.

Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1–22, as if specifically set forth herein.

24.

Pursuant to 29 U.S.C. § 207, Plaintiff, and all similarly situated employees, is entitled to be compensated at one and one half times the minimum wage for each and every hour worked over forty hours in any given workweek.

25.

The overtime provisions of the FLSA apply to Plaintiff and all similarly situated employees.

26.

Defendants have committed *prima facia* violations of 29 U.S.C. § 207 by failing to pay Plaintiff, and any and all similarly situated employees, any wage whatsoever.

27.

Defendants' violations of these provisions are intentional. No good faith attempt to comply with the FLSA has been made. Defendants have paid no wages to Plaintiff, or to any and all similarly situated employees, much less required overtime wages. Defendants are liable to Plaintiff and any and all similarly situated employees for their respective unpaid wages, liquidated damages, attorney's fees and costs, interest and other such relief as provided in 29 U.S.C. § 216(b).

## COUNT III
## COLLECTIVE ACTION ALLEGATIONS
## PURSUANT TO 29 U.S.C. §216(B)

28.

Plaintiff hereby incorporates Paragraphs 1–27 this Complaint as if fully restated herein.

29.

Defendants have intentionally and repeatedly violated 29 U.S.C. §§ 206 and 207 by failing to pay required minimum and overtime wages to Plaintiff and any and all similarly situated employees. Defendants have engaged in these behaviors for their own benefit and in an attempt to deprive Plaintiff and any and all similarly situated employees of their lawful wages.

30.

Defendants are liable pursuant to 29 U.S.C. § 201 et seq., to Plaintiff and to all similarly situated employees for unpaid minimum and overtimes wages, interest, attorney's fees and costs and other such equitable and legal relief that this Court finds proper.

31.

There are at least 100 similarly-situated current and former employee–Dancers who have been misclassified by Defendants in the past three years and have worked without being paid minimum or overtime wages in violation of 29

U.S.C. §201, et seq. These Dancers would benefit from the issuance of a Court supervised Notice of Present Lawsuit and opportunity to join pursuant to 29 U.S.C. § 216(b). These similarly situated employees are known to Defendants, are readily identifiable and can be located through the records of Defendants and various local governmental entities.

WHEREFORE, Plaintiff prays that this Court:

(a) Enjoin Defendants from continuing to violate 29 U.S.C. §201, et seq., and from withholding payment of minimum and overtime wages from Plaintiffs and any and all similarly situated employees, pursuant to this Court's authority provided for in 29 U.S.C. § 217;

(b) Find that Defendants have willfully violated 29 U.S.C. §§ 206-207 by failing to pay Plaintiff and any and all similarly situated employees minimum and overtime wages;

(c) Issue a judgment against Defendants for all unpaid wages, illegal kickback payments, interest, attorney's fees and costs and all other allowed forms of relief as provided by 29 U.S.C. § 216(b);

(d) Issue a judgment for liquidated damages in an amount equal to the above mentioned judgment as provided in 29 U.S.C. § 216(b);

(e) Issue a Notice of the Present Action to all persons who are presently, or have been at any time during the three years immediately preceding

this suit, up through an including the date of this Court's issuance of Court-Supervised Notice, employed by the Defendants as Dancers as described above;

(f) That each such person shall be informed of this civil action, the nature of the action, and of their right to join this lawsuit if they have worked for Defendants and have not been paid minimum or overtime wages and have been forced to pay illegal kickbacks to Defendants. Additionally, the Notice shall inform all current and past employees that **Defendants are not allowed to retaliate** against them for participating in this action;

(g) For such other and further relief as is just and equitable.

Plaintiffs hereby demand a TRIAL BY JURY.

Respectfully submitted this 12th day of April 2014.

SMITH COLLINS, LLC
8565 Dunwoody Place
Building 15, Suite B
Atlanta, GA 30350
*(770) 378-1408
*wanthonycollins@gmail.com
(770) 286-1800
herrington.matthew@gmail.com

*/s/ W. Anthony Collins, Jr.*
*W. Anthony Collins, Jr.
*Georgia Bar No. 141712
Matthew W. Herrington
Georgia Bar No. 275411

*Attorneys for Plaintiffs*